**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NICOLE JEMERY, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TRANSWORLD SYSTEMS, INC., ) <br> ) <br> Defendant ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

NICOLE JEMERY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Lowell, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at Raritan Plaza II, #A 23, Edison, New Jersey, 08837.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a consumer debt(s).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt(s) from Plaintiff.

11. Upon information and belief, Defendant was seeking to collect on four (4) different accounts: (1) a Seventh Avenue personal credit card account; (2) a Ginny's personal credit card account; (3) a Sprint cellular telephone account; and

an AT&T cellular telephone account.

12. The alleged debts at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around October 2013, and continuing through November 2013, Defendant engaged in debt collection activities seeking to collect alleged debts from Plaintiff.

14. In its attempts to collect a debt, Defendant's collectors repeatedly and continuously contacted Plaintiff on her cellular and work telephones.

15. Defendant called Plaintiff, on average, one (1) to two (2) times a day, and at various times, in its attempts to collect a debt.

16. It was annoying, aggravating, and harassing to Plaintiff to be called repeatedly on both her cellular and work telephones.

17. On numerous occasions, Plaintiff instructed Defendant's collectors to stop calling her on her cellular and work telephones.

18. Defendant, however, never updated its records to stop calls to Plaintiff's cellular and work telephones.

19. Rather, Defendant persisted in calling Plaintiff on her cellular and work telephones in its attempts to collect debts, despite knowing its calls were unwanted.

20. Further, on at least one occasion, Plaintiff informed Defendant that

she refused to pay the debts.

21. Again, Defendant did not update its records to stop the collection calls to Plaintiff; rather, it continued to call her – knowing that she refused to pay the debts, showing that its intent in calling her continuously and repeatedly was to harass, abuse, and annoy Plaintiff.

22. Also, in its communications with Plaintiff, Defendant threatened to get a lien on her home and take her business away if she failed to pay the alleged debts.

23. At the time Defendant threatened to get a lien and take Plaintiff's business, it did not intend to take the actions it threatened and legally could not take the threatened actions.

24. Defendant's threat caused Plaintiff anxiety.

25. To date, Defendant has not pursued legal action against Plaintiff.

26. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt(s) and/or seek verification of the debt(s), as well as to request information about the alleged creditor.

27. To date, Plaintiff has not received any written correspondence from Defendant.

28. Defendant's actions as described herein were made with the intent to

harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

### COUNT I

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her work and cellular telephones, on average, one (1) to two (2) times a day, with the intent to annoy, abuse and harass her; and, by continuing to call Plaintiff after being told that she refuses to pay the debt and to stop calling her.

### COUNT II

    a. A debt collector violates § 1692e of the FDPCA by using false,

      deceptive, or misleading representations or means in connection with the collection of any debt.

  b.    A debt collector violates § 1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

  c.    A debt collector violates § 1692e(5) of the FDPCA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

  d.    A debt collector violates § 1692e(10) of the FDPCA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  e.    Here, Defendant violated §§ 1692e, 1692e(4), 1692e(5), and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including threatening to get a lien against Plaintiff's house as well as to take her business, when it did not

intend to take those actions and did not have the legal authority to take the actions it threatened.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA failing to update its records to stop the calls to Plaintiff's cellular and business telephones after being told to stop calling her as well as that she refused to pay the alleged debt.

## COUNT IV

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies

        the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, NICOLE JEMERY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICOLE JEMERY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATE: August 19, 2014        KIMMEL & SILVERMAN, P.C.

By: __/s/ Craig Thor Kimmel_____
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com